ROBERT B. WHITE, PLAINTIFF-RESPONDENT, v. THE TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF HUDSON, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 12, 1976—Decided May 11, 1976.

Before Judges ALLCORN, KOLE and ARD.

*Mr. Leon S. Wolk,* attorney for appellant.

*Mr. Sydney I. Turtz,* attorney for respondent.

PER CURIAM. The judgment is affirmed substantially for the reasons given by the court below in its letter opinion of

June 17, 1975. A change in the law must come either from the Supreme Court or the Legislature.

ALLCORN, J. A. D. (dissenting). There can be no quarrel with the soundness of the proposition that a person in public employment who is unlawfully discharged is entitled to be compensated for the resultant loss of earnings suffered by him — even though the rule at common law in this State was to the contrary. *Strohmeyer v. Little Ferry*, 136 *N. J. L.* 485 (E. & A. 1948). Hence, the various statutes which make provision for compensating the wrongfully discharged public employee for his earnings loss are clearly within the authority of the Legislature to enact.

The same cannot be said of statutes which authorize or direct that the wrongfully discharged public employee shall recover his full salary or other compensation for the entire period he was unlawfully deprived of his public employment, without regard to any recoupment by him of part or all of the amount of such salary or other compensation as a result of remuneration earned by him from other employment during that period. To the extent of such recoupment from other sources, the loss of earnings has been restored, his damages have been reduced. To the same extent, the payment in full to him of his salary or other compensation by the public employer for the period cannot be legally justified. It cannot be justified as damages; the earnings from his public employment of which he was deprived have been replaced pro tanto. Neither can it be otherwise justified; he performed no services for and supplied no other consideration to the public employer.

In short, the payment of such amount by the public employer in these circumstances is much more than the "Windfall" it was characterized to be by this court in *Mullen v. Bd. of Ed. of Jefferson Tp.*, 81 *N. J. Super.* 151, 160 (App. Div. 1963). It is plainly and simply a gift, a donation of public monies. As such, payment thereof by the public employer is proscribed and authorization therefor by

the Legislature is prohibited by the express terms of Article VIII, section III, paragraph 2 of the New Jersey Constitution.[1]

In the light of the foregoing, to the degree that *N. J. S. A.* 40A:9–172 is interpreted as permitting a wrongfully discharged public employee to recover his full salary from his public employer without crediting against that recovery, in mitigation, the earnings of the employee from other employment during the period of his unlawful discharge, it is violative of the cited paragraph of our State constitution.

For these reasons I would reverse the judgment of the Law Division, and would remand the cause with instructions to determine the amount of plaintiff's other source earnings, to deduct said amount from the salary accruing during the period of his unlawful discharge, and to enter judgment accordingly.

---

[1]The case of *State v. Rahway,* 3 *N. J. Misc.* 201 (S. Ct. 1925), which expresses a contrary view, was explicitly declared to have been overruled on other grounds in *De Marco v. Bd. of Chosen Freeholders of Bergen County,* 21 *N. J.* 136, 142 (1956). *Compare, Lynch v. Borough of Edgewater,* 8 *N. J.* 279, 290–292 (1951).